## J. S. Lewis, Appellee, v. Lottie Story, Administratrix, Appellant.

1. APPEALS AND ERRORS—*effect of absence of propositions of law.* In an action upon a contract if no propositions of law have been presented no questions of law are involved on appeal except those that pertain to the construction of the contract upon which the plaintiff's claim was based and to rulings of the court with respect to evidence.

2. JUDGMENT—*effect of uncertainty.* If there is uncertainty as to the finding of the court and a variance between the finding and the judgment, a reversal will be ordered.

Contested claim in court of probate. Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

M. S. WHITLEY, for appellant.

R. S. MARSH, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a claim, filed in the County Court of Saline county, by appellee against the estate of J. D. Story, deceased. Appellant as the administratrix of said estate objected to the claim. A trial was had in the County Court, and an appeal was prosecuted from the judgment rendered in that court to the Circuit Court, where trial *de novo* was had by the court, without a jury. From the judgment of the Circuit Court appellant prosecutes an appeal to this court.

No propositions of law were presented to the trial court, and no questions of law are involved in this appeal except those that pertain to the construction of the contract upon which appellee's claim is based, certain rulings of the court with respect to the admission of evidence and the finding and judgment.

The contract upon which appellee's claim is based is as follows:

"It is hereby understood between J. S. Lewis, hereafter called the seller, and W. B. and J. D. Story, hereinafter called the buyers, that the seller has this day, viz.: August 17th, 1903, surrendered to the buyers his entire stock of merchandise in Carrier Mills, Ill., known as the stock of the J. S. Lewis Store Co., together with the books of the former firm, upon these express conditions:

1st.   That the buyers pay all outstanding accounts of the J. S. Lewis Store Co., as the bills mature, so as to keep sacred the credit of the seller.

2nd.   The buyers are to pay any over-drafts with the firm of Lewis and Ozment, bankers, at Stonefort, Ill., by not later than Jan. 1st, 1904; and,

3rd.   That the buyers pay to the seller the sum of $2500.00, twenty-five hundred dollars, in payments of not less than fifty dollars on the first day of each and every month from date hereof, together with interest at 7 per cent. per annum on all unpaid balances, until both principal and interest are paid.   This trade being incomplete should the buyers fail in either or any of the above conditions, the seller shall have the right at any time to take charge of the stock or any stock that may be subsequently acquired by the sellers and sell or dispose of as he, the seller, may think proper. Privilege to examine the books and stock of the buyers by the seller to be allowed when so requested, and in event the seller feels unsafe, his right to take charge of stock shall not be questioned.   When payments and conditions, above named are made and performed, as above enumerated, this obligation, together with full possession of stock, shall be surrendered to the buyers by the seller.

In witness whereof, the buyers as a firm and as individuals have this day set their hands and seals, Aug. 17th, 1903.   In case seller has to or does take charge of stock he shall use his best efforts to protect interest of buyers by getting best prices, paying what is due as above enumerated, and then pay all other proceeds to the buyers.   If buyers can find or suggest

better sale, seller agrees to take same for stock, and settle upon that basis.

                    Story Store Co.   [Seal.]
                    Nora Story        [Seal.]
                    J. D. Story       [Seal.]"

It is conceded that items 1 and 2, specified in the contract, were paid in full and that some payments were made on item 3. Counsel for appellant contends that all payments made in pursuance of the requirements of item 2 of the contract, which amounted to about $2,100, should be applied in discharge of the amount specified in item 3. His contention being as we understand him, that the $2,500 specified in item 3 represents the full purchase price of the store, and that the trial court erred in not so construing the contract.

We cannot agree with counsel's view of the meaning of the contract. It appears to us that the amount of the outstanding bills payable, mentioned in item 1, and the amount of the over-drafts, mentioned in item 2, are as clearly parts of the purchase price as is the sum specified in item 3, and we think the trial court did not err in refusing to apply the payments made in taking up the over-drafts as credits on the $2,500, specified in item 3.

Counsel complains of the ruling of the trial court as to the admission of evidence, and specifies appellee's affidavit attached to his claim as filed in the County Court, and certain conversations of appellee. With respect to the affidavit, it is true that the claim filed in the County Court with the affidavit attached was admitted in evidence, but it does not appear that the court accepted the affidavit and acted upon it as evidence. As to the conversations of appellee, they all appear to have been had with appellant's intestate or with others in his presence, and were therefore properly admitted.

There is uncertainty as to the finding, and a wide variance between the judgment and any view that

may be taken of the finding, and there is uncertainty as to the judgment. The finding and judgment, as they appear in the record, are as follows: "Now on this day the court finds the issues for the plaintiff and assesses his damages at the sum of ($2,826.20) two thousand eight hundred and twenty dollars, and twenty cents. It is therefore ordered and adjudged by the court that the plaintiff have judgment for the sum of two thousand, twenty-six dollars and twenty cents against the plaintiff" etc. Here two amounts are specified in the finding viz.: $2,826.20 and $2,820.20; and the judgment is rendered in favor of the plaintiff against the *plaintiff* for $2,026.20.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*